HASE et al., Appellants, v. SCHOTTE, Sr., et al., Respondents.

St. Louis Court of Appeals, January 24, 1905.

1. **CHATTEL MORTGAGE: Tender by Mortgagor.** After the tender by a mortgagor of the balance on a note secured by a chattel mortgage, the mortgagee had no right to take possession of the mortgaged property.

2. **ESTOPPEL: Statements To Third Person.** In an action for the conversion of personal property, where the defendant claimed to have purchased it from the plaintiff's son, the defendant was not estopped to assert the ownership of the property by reason of statements made to a third person respecting the son's right to sell it.

Appeal from Warren Circuit Court.—*Hon. Houston W. Johnson,* Judge.

REVERSED AND REMANDED.

*J. W. Delventhal* and *E. Rosenberger & Son* for appellant.

*J. B. Garber* and *Peers & Peers* for respondents.

BLAND, P. J.—In the fall of 1899 plaintiff and her husband purchased a farm of five hundred and sixty-four acres, in Warren county, Missouri. They made a partial payment and moved upon the premises, residing thereon until March, 1902, when they moved to the state of Kansas. The husband of plaintiff was so demented or insane that plaintiff was forced to become the head of the household and take upon herself the management and control of the farm and of all other affairs in which she and her husband were interested. In the fall of 1901, by the labor of two of her sons, she had twenty-five or thirty acres of the farm sowed in wheat. Before moving to Kansas, she gave a power of attorney to J. W. Delventhal to transact all her business in Warren county, and made a special arrangement with him to look after the growing wheat crop and have it harvested, threshed and marketed, and pay the expenses thereof from the proceeds of its sale. When the wheat was ripe Delventhal had it harvested, paying therefor out of his own pocket. Just as the harvesting was being finished and before quite all the wheat had been put in shock, the sheriff of Warren county appeared upon the premises with a writ of replevin issued by a justice of the peace in a replevin suit ineffectually attempted to be brought by Henry Schotte against John Hase and T. J. Kriekbaum. The sheriff turned the wheat over to the defendants herein who took possession of it, hauled it off, threshed it, sold it

and put the proceeds in their pockets. The suit is to recover the value of the wheat. The verdict and judgment were for the defendants. Plaintiff appealed.

Defendants, at the trial, sought to justify their action in several different ways. Their claim of right to the possession of the wheat, under the replevin suit, was abandoned at the trial by being withdrawn from the jury under instructions given by the court which, in this respect, were correct. The other claims worthy of consideration are, first, the effort of defendants to show title to the wheat under a chattel mortgage given by John Hase to August Redeker and second, the sale of the wheat by John Hase to Henry Schotte, and such conduct on the part of plaintiff, in respect to the wheat, as to estop her to deny that John Hase was authorized to sell and dispose of it. In regard to the mortgage, the evidence shows that John was the minor son of plaintiff; that he wanted to buy a horse and went to Redeker to borrow twenty-five dollars for that purpose, telling Redeker he would give him a mortgage on the wheat to secure the loan. Redeker testified that before making the loan, he went to see plaintiff to inquire about John's right to mortgage the wheat and plaintiff told him it would be all right, that John could mortgage it or sell it, that the wheat was his; that he, (Redeker) then took John's note for twenty-five dollars and a mortgage on the wheat to secure the same. Plaintiff's version of this conversation is, that she did not tell Redeker the wheat was John's, but gave her consent for John to mortgage it to secure the twenty-five dollars to enable him to buy the horse, and that she gave John permission to mortgage it for that purpose, in her name.

John paid Redeker seven dollars and fifty cents on the note and Redeker then transferred it to defendant Henry Schotte. The evidence shows that before the defendants took possession of the wheat, John, through his attorney, Delventhal, tendered the amount due on

the note to Henry Schotte and demanded its surrender; that this tender was again made to Schotte but on each occasion he refused to accept it, saying he intended to keep the note. After these tenders, it is plain that Schotte had no legal right to take possession of the wheat described in the mortgage by virtue of that instrument. Henry Schotte testified that he bought the wheat of John Hase and paid him seventeen dollars for it and lays claim to the wheat under this purchase. There is no evidence that John ever acquired title to the wheat, by purchase or otherwise, from his mother and no evidence tending to show that he owned it, except what is contained in the testimony of Redeker.

The trial court was of the opinion that Redeker's testimony was sufficient to estop plaintiff to set up title to the wheat as against the defendants, otherwise the following instruction, which was given for defendants, would not have been given:

"1. If the jury find from the evidence that Mrs. Hase represented to August Redeker that her son, John Hase, owned the wheat in question and had the right to sell or otherwise dispose of same, then Mrs. Hase is not entitled to recover said wheat and can not recover in this case, and your verdict must be for the defendant."

There is not a ray of evidence that plaintiff ever made any representation to Henry Schotte or to any of the other defendants, that John Hase had authority to sell or otherwise dispose of the wheat, and hence there is no evidence upon which an estoppel can be predicated.

The court further instructed the jury, in effect, that if John Hase had authority from his mother to sell or otherwise dispose of the wheat, it should find for defendant. Redeker's evidence is, that plaintiff told him the wheat was John's and he had a right to mortgage or sell it. Under this evidence, the instruction should have been to find for plaintiff, if the jury found the wheat belonged to John Hase and that he sold it

to Henry Schotte. The sole defense rests upon this one issue as the others raised at the trial are not supported by any substantial evidence. That the cause may be tried upon this issue, the judgment is reversed and the cause remanded.

All concur.